```
SEYFARTH SHAW LLP
Gerald L. Maatman, Jr.
gmaatman@seyfarth.com
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone:    (312) 460-5000
Facsimile:    (312) 460-7000

SEYFARTH SHAW LLP
Daniel Whang (SBN 223451)
E-mail: dwhang@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:    (310) 277-7200
Facsimile:    (310) 201-5219

SEYFARTH SHAW LLP
Christina Pacudan (SBN 301891)
E-mail: cpacudan@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:    (213) 270-9600
Facsimile:    (213) 270-9601

Attorneys for Defendant
TRADESMEN INTERNATIONAL, LLC
```

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| JASON ASHBAUGH, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRADESMEN INTERNATIONAL, LLC, a Limited Liability Corporation; and Does 1 through 50, Inclusive,<br><br>Defendants. | Case No. 37-2019-00024307-CU-OE-CTL<br><br>[ASSIGNED TO: HON. JUDGE KENNETH J. MEDEL DEPARTMENT C-66]<br><br>UNLIMITED JURISDICTION<br><br>**CLASS ACTION**<br><br>**DEFENDANT TRADESMEN INTERNATIONAL, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed: May 10, 2019 |

Defendant TRADESMEN INTERNATIONAL, LLC ("Defendant") hereby files its answer to the unverified Complaint of Jason Ashbaugh ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation, and each purported cause of action contained in Plaintiff's Complaint. Defendant further denies, generally and specifically, that Plaintiff has been damaged in any amount, or at all, by reason of any alleged act or omission of Defendant.

## ADDITIONAL DEFENSES

Defendant has not completed its investigation of the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The additional defenses asserted herein are based on Defendant's knowledge, information, and belief at this time, and Defendant specifically reserves the right to modify, amend, or supplement any additional defense contained herein at any time.

Without conceding that it bears the burden of proof or persuasion as to any one of them, Defendant alleges the following additional defenses to the Complaint:

## FIRST ADDITIONAL DEFENSE

### (Plaintiff's Claims Are Subject to Arbitration – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, are subject to binding individual arbitration pursuant to a written agreement between Plaintiff and Defendant. Defendant's filing of this Answer should not be construed as a waiver of its right to seek to compel Plaintiff's to use those procedures and to stay or dismiss the claims against Defendant in this litigation based on the agreed-upon dispute resolution procedures.

## SECOND ADDITIONAL DEFENSE

### (Failure to State a Claim for Relief – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, fails to state causes of action upon which relief can be granted.

### THIRD ADDITIONAL DEFENSE

**(No Standing – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing because he has not suffered any injury-in-fact.

### FOURTH ADDITIONAL DEFENSE

**(Release – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action entered into or are otherwise bound by compromise, settlement or release agreements regarding those claims.

### FIFTH ADDITIONAL DEFENSE

**(Accord and Satisfaction – All Causes of Action)**

To the extent Plaintiff and/or the current or former employees on whose behalf he brought the action accepted payments and releases, the underlying claims are barred by the doctrine of accord and satisfaction.

### SIXTH ADDITIONAL DEFENSE

**(Res Judicata and Collateral Estoppel – All Causes of Action)**

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel, to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have asserted the same claims in any prior legal or administrative proceeding.

### SEVENTH ADDITIONAL DEFENSE

**(Statute of Limitations – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred by the applicable statutes of limitation, including, but not limited to, the statutes of limitation contained in California Code of Civil Procedure sections 337, 338(a), 339(1), 340, and 343, and Business and Professions Code section 17208.

**EIGHTH ADDITIONAL DEFENSE**

**(Unclean Hands – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of unclean hands.

**NINTH ADDITIONAL DEFENSE**

**(Estoppel – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendant.

**TENTH ADDITIONAL DEFENSE**

**(Waiver – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have waived their claims against Defendant.

**ELEVENTH ADDITIONAL DEFENSE**

**(Laches – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of laches. Plaintiff exercised inexcusable delay in commencing this action. Additionally, employees are instructed on how to report any alleged improper activity. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged conduct, their causes of action are barred by the doctrine of laches.

**TWELFTH ADDITIONAL DEFENSE**

**(Avoidable Consequences – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of avoidable consequences.

### THIRTEENTH ADDITIONAL DEFENSE

**(Failure to Mitigate – All Causes of Action)**

Defendant alleges, based on information and belief, that Plaintiff and/or any current or former employees on whose behalf he brought the action had the ability and opportunity to mitigate the purported damages alleged in the Complaint and failed to act reasonably to mitigate such damages. By reason of the foregoing, Plaintiff and/or the current or former employees on whose behalf he brought the action are barred in whole or in part from recovery of damages from Defendant.

### FOURTEENTH ADDITIONAL DEFENSE

**(Prompt Remedial Action)**

Defendant took prompt and appropriate corrective action in response to complaints or stated concerns regarding the workplace made by Plaintiff and/or the current or former employees on whose behalf he brought the action, if in fact they made any such complaints, thereby satisfying all legal duties and obligations Defendant had to Plaintiff and/or the current or former employees on whose behalf he brought the action, if any at all.

### FIFTEENTH ADDITIONAL DEFENSE

**(Contribution by Plaintiff's Own Acts – All Causes of Action)**

The Complaint, and each purported cause of action alleged therein, is barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by Plaintiff's own acts, omissions, and/or failures to act.

### SIXTEENTH ADDITIONAL DEFENSE

**(Offset and Recoupment – All Causes of Action)**

To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf he brought the action are entitled to damages or penalties, which is specifically denied, Defendant is entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff or any current or former employees on whose behalf he brought the action. To the extent a court holds that Plaintiff and/or any current or former employees on whose behalf he brought the action are entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments and/or all

obligations that Plaintiff or any current or former employees on whose behalf he brought the action owed to Defendant against any judgment that may be entered against Defendant.

### SEVENTEENTH ADDITIONAL DEFENSE
### (Duplicate Damages – All Causes of Action)

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which Plaintiff seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award Plaintiff receives here for the same injury.

### EIGHTEENTH ADDITIONAL DEFENSE
### (Ratification – All Causes of Action)

The Complaint, and each purported cause of action alleged therein, is barred on the ground that Plaintiff and/or any current or former employees on whose behalf he brought the action ratified Defendant's alleged actions.

### NINETEENTH ADDITIONAL DEFENSE
### (Privilege/Legitimate Business Reasons – All Causes of Action)

The Complaint, and each cause of action contained therein, is barred because Defendant had an honest, good faith belief that all decisions, if any, affecting Plaintiff and the current or former employees on whose behalf he brought the action were made by Defendant solely for legitimate, business-related reasons that were neither arbitrary, capricious, nor unlawful and were reasonably based upon the facts as Defendant understood them.

### TWENTIETH ADDITIONAL DEFENSE
### (No Knowledge, Authorization, or Ratification – All Causes of Action)

Defendant is not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendant.

### TWENTY-FIRST ADDITIONAL DEFENSE
### (Failure to Inform Employer of Alleged Violations – All Causes of Action)

Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Defendant did not have actual or constructive knowledge, or had no reason to know, about any alleged

unlawful conduct or purported complaints, any alleged failure to pay wages, any alleged failure to reimburse necessary business expenses, or any purported late, missed, or interrupted meal periods or rest periods allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees. Plaintiff, therefore, did not provide Defendant with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his lawsuit.

### TWENTY-SECOND ADDITIONAL DEFENSE

#### (Failure to Use Ordinary Care – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff received good consideration in agreement to serve as an employee of Defendant, yet failed to use ordinary care and diligence during Plaintiff's employment, or employment-related duties, pursuant to California Labor Code sections 2850 and 2854.

### TWENTY-THIRD ADDITIONAL DEFENSE

#### (Failure to Comply With Employer's Direction – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to substantially comply with all of the directions of Plaintiff's employer concerning the service on which Plaintiff was engaged and Plaintiff's obedience to the directions of the employer was neither impossible or unlawful, nor would impose new and unrealistic burdens, pursuant to California Labor Code section 2856.

### TWENTY-FOURTH ADDITIONAL DEFENSE

#### (Failure to Conform to Usage of Place of Performance – All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to perform services in conformity to the usage of the place of performance and was not otherwise directed by the employer, and such performance was neither impracticable, nor manifestly injurious to Plaintiff, pursuant to California Labor Code Section 2857.

### TWENTY-FIFTH ADDITIONAL DEFENSE

**(Degree of Skill – All Causes of Action)**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff failed to exercise a reasonable degree of skill in performing his job duties, pursuant to California Labor Code Section 2858.

### TWENTY-SIXTH ADDITIONAL DEFENSE

**(Failure to Use Skill Possessed – All Causes of Action)**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff did not use such skill as he possessed, so far as the same is required, for the service specified for Defendant, as provided under California Labor Code Section 2859.

### TWENTY-SEVENTH ADDITIONAL DEFENSE

**(No Injury as a Result of Violation of Labor Code – All Causes of Action)**

Plaintiff has suffered no injury as a result of any alleged violation of the California Labor Code and therefore he is barred from recovering penalties.

### TWENTY-EIGHTH ADDITIONAL DEFENSE

**(Adequate Remedy at Law – Eighth Cause of Action)**

The relief requested by Plaintiff pursuant to California Business and Professions Code sections 17200, *et seq*. should be denied because Plaintiff has an adequate remedy at law.

### TWENTY-NINTH ADDITIONAL DEFENSE

**(Good Faith Dispute – First, Eighth, and Ninth Causes of Action)**

Plaintiff's claims for violation of California Labor Code sections §§ 201-203 is barred because, at all times relevant and material herein, Defendant did not willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

### THIRTIETH ADDITIONAL DEFENSE

**(*De Minimis* – First, Second, Third, Sixth, Eighth, and Ninth Causes of Action)**

The Complaint seeks compensation for time which, even if in fact worked, was *de minimis* and therefore is not recoverable. Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

### THIRTY-FIRST ADDITIONAL DEFENSE

**(Not Hours Worked – First, Second, Third, Sixth, Eighth, and Ninth Causes of Action)**

Each purported cause of action in the Complaint alleging nonpayment of wages are barred because the hours Plaintiff alleges were worked are not "hours worked" within the meaning of applicable law.

### THIRTY-SECOND ADDITIONAL DEFENSE

**(Discretionary Incentive Payment – First, Third, Sixth, Eighth, and Ninth Causes of Action)**

Any incentive payment, including bonuses, that Plaintiff or any other individuals he seeks to represent received was discretionary and did not need to be factored into calculating the regular rate of pay for overtime.

### THIRTY-THIRD ADDITIONAL DEFENSE

**(Lack of Knowledge – First, Second, Third, Sixth, Eighth, and Ninth Causes of Action)**

To the extent Plaintiff's claims are based on off-the-clock work performed, Plaintiff's claims are barred because Defendant did not know and had no reason to know that Plaintiff, or any of the individuals he seeks to represent, performed work off the clock.

### THIRTY-FOURTH ADDITIONAL DEFENSE

**(No Knowledge of Overtime or Denial of Meal and/or Rest Periods – First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Ninth Causes of Action)**

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Defendant did not have actual or constructive knowledge about any purported overtime or unpaid work allegedly performed by Plaintiff or any other purportedly similarly situated current or former employees. Defendant also did not have actual or constructive knowledge that Plaintiff or any other purportedly similarly situated current or former employees were denied any meal or rest periods. *See,*

*e.g., Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation"); *Davis v. Food Lion*, 792 F.2d 1274, 1276-77 (4th Cir. 1986) ("it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work").

### THIRTY-FIFTH ADDITIONAL DEFENSE

**(Waiver of Meal Periods – First, Fourth, and Ninth Causes of Action)**

Each purported cause of action in the Complaint alleging a meal period violation are barred, at all times relevant to the Complaint, to the extent Plaintiff and/or the individuals he seeks to represent voluntarily waived the right to be provided with a meal period for shifts of more than five but less than six hours and/or shifts of more than 10 but less than 12 hours, no violation of the California Labor Code or the Wage Orders occurred.

### THIRTY-SIXTH ADDITIONAL DEFENSE

**(Meal Period Breaks Provided – First, Fourth, and Ninth Causes of Action)**

Each purported cause of action in the Complaint alleging a meal period violation are barred because, at all times relevant to the Complaint, Plaintiff and/or the individuals he seeks to represent were provided with the opportunity to take meal periods in compliance with California law. Their choice not to take meal breaks does not create a violation of the California Labor Code or the Wage Orders.

### THIRTY-SEVENTH ADDITIONAL DEFENSE

**(Rest Periods Authorized and Permitted – First, Fifth, and Ninth Causes of Action)**

Each purported cause of action in the Complaint alleging a rest period violation are barred because, at all times relevant to the Complaint, Plaintiff and/or any current or former employees on whose behalf he brought the action were authorized and permitted to take rest periods in compliance with California law. Their choice not to take rest breaks does not create a violation of the California Labor Code or the Wage Orders.

### THIRTY-EIGHTH ADDITIONAL DEFENSE

### (No Knowing and Intentional Violation – First, Sixth, and Ninth Causes of Action)

Each purported cause of action in the Complaint alleging that Defendant provided inaccurate wage statements is barred to the extent that Plaintiff and/or any current or former employees on whose behalf he brought the action cannot allege any facts showing that Defendant, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code section 226.  Plaintiff and any current or former employees on whose behalf he brought the action, therefore, have no claim pursuant to California Labor Code section 226.

### THIRTY-NINTH ADDITIONAL DEFENSE

### (No Injury as a Result of Violation of Labor Code § 226 – First, Sixth, and Ninth Causes of Action)

Each purported cause of action in the Complaint alleging that Defendant provided inaccurate wage statements is barred because Plaintiff and/or any current or former employees on whose behalf he brought the action have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

### FORTIETH ADDITIONAL DEFENSE

### (Due Process/Excessive Fine – Sixth, Eighth, and Ninth Causes of Action)

Although Defendant denies that it has committed or has responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery of civil penalties against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

### FORTY-FIRST ADDITIONAL DEFENSE

**(Lack of Standing Under Business and Professions Code Section 17200 – First Cause of Action)**

Plaintiff's eighth cause of action fails to the extent that Plaintiff lacks the requisite standing under Proposition 64, enacted on November 2, 2004, as California Business and Professions Code Section 17204. Under Proposition 64, any plaintiff suing for an alleged violation of the California Unfair Competition Law (the "UCL"), California Business and Professions Code Section 17200, *et seq.*, must show that he has suffered an injury in fact, in addition to simply alleging a loss of money or property. Because Plaintiff cannot allege the requisite injury in fact, in addition to the requisite loss of money or property, Plaintiff lacks standing to sue under the UCL.

### FORTY-SECOND ADDITIONAL DEFENSE

**(No Unlawful, Unfair, or Fraudulent Business Practice – First Cause of Action)**

Without admitting the allegations of the Complaint, Plaintiff's eighth cause of action fails because the alleged practices of Defendant, even assuming they occurred, are not unfair, unlawful or fraudulent, the public is not likely to be deceived by any alleged practices, Defendant gained no competitive advantage by such practices, and the benefits of the alleged practices outweigh any harm or other impact they may cause.

### FORTY-THIRD ADDITIONAL DEFENSE

**(Unreasonable and Unnecessary Expenses – First and Seventh Cause of Action)**

Each purported cause of action in the Complaint alleging a reimbursement violation are barred because, at all times relevant to the Complaint, Plaintiff and/or any current or former employees on whose behalf he brought the action seek reimbursement for expenses that were not incurred in the direct consequence of the discharge of their duties or were not necessary and reasonable.

### FORTY-FOURTH ADDITIONAL DEFENSE

**(Unlawful Delegation of Executive Authority – Ninth Cause of Action)**

Plaintiff's ninth cause of action is barred to the extent private actions seeking PAGA penalties manifest an unlawful delegation of executive authority.

DEFENDANT TRADESMEN INTERNATIONAL, LLC'S ANSWER TO COMPLAINT

57886097v.1

### FORTY-FIFTH ADDITIONAL DEFENSE

### (No Penalties Beyond "Initial" Violation – Ninth Cause of Action)

Plaintiff's ninth cause of action is barred to the extent Plaintiff, and the individuals on whose behalf he seeks relief, seek penalties beyond the "initial" violation as described in California Labor Code § 2699(f)(2).

### FORTY-SIXTH ADDITIONAL DEFENSE

### (Unavailable Remedy – Ninth Cause of Action)

Plaintiff's ninth cause of action is barred to the extent he is seeking any remedy other than civil penalties under the Private Attorney General Act of 2004.

### FORTY-SEVENTH ADDITIONAL DEFENSE

### (Not "Aggrieved Employees" – Ninth Cause of Action)

Plaintiff's ninth cause of action is barred to the extent it seeks to recover penalties on behalf of individuals who are not "aggrieved employees."

### FORTY-EIGHTH ADDITIONAL DEFENSE

### (Unconstitutionality of PAGA Penalties – Ninth Cause of Action)

The penalties claimed by Plaintiff's ninth cause of action are excessive and, thus, violate the California and United States' Constitutions.

### FORTY-NINTH ADDITIONAL DEFENSE

### (Manageability – Ninth Cause of Action)

Plaintiff's ninth cause of action is not proper for treatment as a representative action under PAGA because, among other reasons, the representative action is not manageable.

### FIFTIETH ADDITIONAL DEFENSE

### (Right to Raise Other Defenses)

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

57886097v.1

## **PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of his Complaint;

2. That Defendant did not damage or harm Plaintiff, or any current or former employees on whose behalf he brought the action, in any way;

3. That Plaintiff and/or any current or former employees on whose behalf he brought the action are not entitled to any wages, compensation, benefits, penalties, restitution, injunctive relief, declaratory relief, attorneys' fees, costs or any other legal or equitable remedy due to any act or omission of Defendant;

5. That the Complaint be dismissed in its entirety with prejudice;

6. That judgment be entered in favor of Defendant and against Plaintiff on his entire Complaint and on all causes of action alleged therein;

7. That Defendant be awarded the costs of suit herein incurred as provided by statute; and

8. That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: July 9, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: *Christina Pacudan*
Gerald L. Maatman, Jr.
Daniel C. Whang
Christina Pacudan
Attorneys for Defendant
TRADESMEN INTERNATIONAL, LLC

## PROOF OF SERVICE

STATE OF CALIFORNIA )
) SS
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017-5793. On July 9, 2019, I served the within document(s):

**DEFENDANT TRADESMEN INTERNATIONAL, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐ I sent such document from facsimile machines (213) 270-9601 on July 9, 2019. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ electronically by using the Court's ECF/CM System.

Norman B. Blumenthal, Esq.  *Attorneys for Plaintiff*
Kyle R. Nordrehaug, Esq.  *JASON ASHBAUGH*
Aparajit Bhowmik, Esq.
BLUMENTHAL NORDREHAUG
BHOWMIK DE BLOUW LLP
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858) 551-1223
Facsimile: (858) 551-1232
Email: norm@bamlawca.com
Email: kyle@bamlawca.com
Email: aj@bamlawlj.com

PROOF OF SERVICE

57926576v.1

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 9, 2019, at Los Angeles, California.

_____
Michelle Stevenson